```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE        )
COMMISSION,                    )
        Plaintiff,             )
                               )
        v.                     )
                               )   C.A. No. 11-11649-MLW
K2 UNLIMITED, INC.,            )
211 VENTURES, LLC,             )
Diane GLATFELTER,              )
Robert C. RICE,                )
and Robert S. ANDERSON,        )
        Defendants.            )
```

                      MEMORANDUM AND ORDER

WOLF, D.J.                                        April 29, 2014

I.    INTRODUCTION

   The Securities and Exchange Commission (the "SEC") brought this suit against five defendants: K2 Unlimited, Inc. ("K2"); 211 Ventures LLC ("211 Ventures"); Diane Glatfelter ("Glatfelter"); Robert C. Rice ("Rice"); and Robert S. Anderson ("Anderson"). The Complaint alleges violations of the Securities Act, 15 U.S.C. §77b et seq., and the Exchange Act, 15 U.S.C. §78a et seq., arising from the alleged fraudulent sale of fictitious investment instruments. The court entered default judgments against 211 Ventures and Anderson, see Mar. 13, 2013 Order, and also entered final judgment against Rice on joint motion of the parties, see Apr. 4, 2014 Final Judgment as to Def. Rice. Therefore, the only remaining defendants are K2 and Glatfelter, whom the Complaint identifies as K2's sole shareholder. See Compl. ¶10.

   On April 3, 2014, Glatfelter filed a Motion to Stay Discovery,

long after the February 21, 2014 deadline established by the court on January 28, 2014. See Jan. 28, 2014 Scheduling Order at 3. On April 4, 2014, the court denied this motion without prejudice because Glatfelter had failed to certify that she had conferred with the SEC as required by Rule 7.1(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts (the "Local Rules"). See Apr. 4, 2014 Order. Glatfelter has now refiled this motion with the required certification. Although Glatfelter has not shown good cause for her failure to comply with the Scheduling Order, nor even acknowledged the tardiness of her motion, the court is deciding it on the merits.

Glatfelter asks that this case be stayed until after her criminal trial in United States v. Glatfelter, No. 12-CR-10247-DPW, which is scheduled to begin on September 8, 2014. Glatfelter states that she plans to invoke her Fifth Amendment privilege against self-incrimination during her deposition by the SEC in this case on May 1, 2014. Although Glatfelter does not explain why a stay would be merited in the instant case, the court assumes that she believes that it would be unfairly prejudicial for her to confront the dilemma of either invoking her Fifth Amendment privilege during her deposition, from which a civil jury may draw an adverse inference, see Baxter v. Palmigiano, 425 U.S. 308, 318 (1976), or responding to questions and having her answers used against her in her criminal case, see SEC v. Dresser Indus., Inc.,

2

628 F.2d 1368, 1376 (D.C. Cir. 1980). The SEC opposes Glatfelter's motion. For the reasons explained below, Glatfelter's motion to stay discovery is being denied.

II. DISCUSSION

A. Standard of Review

As the First Circuit has written:

It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons. The pendency of a parallel or related criminal proceeding can constitute such a reason.

The decision whether or not to stay civil litigation in deference to parallel criminal proceedings is discretionary. Accordingly, we review the denial of motion to stay for abuse of discretion. A movant must carry a heavy burden to succeed in such an endeavor.

Microfinancial, Inc. v. Premier Holidays Int'l, 385 F.3d 72, 77 (1st Cir. 2004) (citation omitted). The First Circuit has further explained that:

Notwithstanding that each instance is sui generis, the case law discloses five factors that typically bear on the decisional calculus: (i) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire; (ii) the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem; (iii) the convenience of both the civil and criminal courts; (iv) the interests of third parties; and (v) the public interest. To this list we add (vi) the good faith of the litigants (or the absence of it) and (vii) the status of the cases.

Id. at 78 (citations omitted).

B. Analysis

Glatfelter has not satisfied her "heavy burden" to justify a stay. Id. Rather, the court finds that the interests of the SEC and the public outweigh any risk of prejudice to Glatfelter.

First, the SEC has an interest "in proceeding expeditiously with the civil litigation." Id. This case has been pending since 2011. A decision in it will serve the public interest that the SEC is constituted to represent. Staying discovery would entail the risk of losing evidence through the death of witnesses or fading memories. Cf. Clinton v. Jones, 520 U.S. 681, 707-08 (1997) (holding that district court abused its discretion by deferring trial until president left office, in part because "delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party").

Second, proceeding with discovery in this case is unlikely to prejudice Glatfelter. Most significantly, the allegations in Glatfelter's criminal and civil cases are different. The criminal case alleges that Glatfelter committed wire fraud by accepting payment from a single victim in exchange for a false promise to provide a loan. See Indictment ¶¶3-17, United States v. Glatfelter, No. 12-CR-10247-DPW (D. Mass. Aug. 16, 2012), ECF No. 1. The instant civil case alleges a different, broader scheme. The complaint mentions that Glatfelter and the other defendants

were offering such loans. See Compl. ¶1. However, most of the factual allegations and all of the claims for relief focus on the defendants' solicitation of investments in fraudulent securities. See Compl. ¶¶57-84. The allegations at the heart of the criminal indictment are, therefore, not encompassed by the claims for relief in the civil complaint. Therefore, this motion to stay does not involve civil and criminal cases in which the allegations are the same or substantially overlap. See Dresser Indus., 628 F.2d at 1375-76 ("[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action <u>involving the same matter</u>." (emphasis added)); SEC v. Constantin, 2012 WL 1195700, at *4 (S.D.N.Y. Apr. 9, 2012) ("[T]here is more danger of self-incrimination when the issues in both cases overlap.").

In addition, Glatfelter will not be prejudiced in her criminal case if she invokes a Fifth Amendment right in this case because her assertion of the privilege will not be admissible in that prosecution. See Griffin v. California, 380 U.S. 609, 614-15 (1965); Mottram v. Murch, 458 F.2d 626, 630 (1st Cir. 1972) ("[I]t is elementary that a defendant may not be impeached by showing that he had previously taken the Fifth Amendment when asked similar questions."), rev'd on other grounds, 409 U.S. 41 (1972); 8 Wright, Miller & Marcus, Federal Practice & Procedure §2018 at 460 (3d ed.

5

2010) ("Even if there should subsequently be a criminal prosecution, the jury in that action would be unaware of the earlier claim of privilege and of any inference from it."). If Glatfelter answers questions at her deposition on matters other than the loan at issue in the criminal case, her responses may be inadmissible in the criminal case as irrelevant under Federal Rule of Evidence 401, as evidence of propensity under Rule 404(a), or by operation of Rule 403 even if relevant and admissible under Rule 404(b)(2).

Moreover, if discovery in this case were stayed until after the criminal case is resolved, Glatfelter would still have an incentive to invoke any valid Fifth Amendment privilege if her answers could lead to additional criminal charges against her. Therefore, the preparation and presentation of Glatfelter's defense in this case is not likely to be injured by her being deposed now rather than after the completion of her criminal trial.

The other Microfinancial factors are either neutral or weigh against a stay. Glatfelter has made not argued, let alone shown, that parallel proceedings would be an inconvenience for either court, that any third parties would be adversely affected, or that the government has acted in bad faith by pursuing the civil and criminal actions simultaneously. In addition, as the Supreme Court has explained, "to defer civil proceedings pending the ultimate outcome of a criminal trial" may "stultify enforcement of federal

6

law." <u>United States v. Korbel</u>, 397 U.S. 1, 11 (1970). In these circumstances, the public interest will be served by permitting discovery in the instant case to progress.

III. ORDER

In view of the foregoing, it is hereby ORDERED that defendant Glatfelter's Motion to Stay Discovery (Docket No. 45) is DENIED.

_____
UNITED STATES DISTRICT JUDGE